LEMMON, Justice,
dissenting in part.
I am disinclined to reverse the driving under revocation conviction, after defendant had a completely fair trial, on technical grounds which are totally unrelated to guilt or innocence. Instead, I would hold that defendant waived the non-jurisdictional technical error by failing to object timely.
Although La.Const. Art. V, § 26(B) (1974) vests the district attorney or his designated assistant with exclusive charge of state criminal prosecutions, C.Cr.P. Art. 63 permits the district attorney to “accept the assistance of other counsel in the conduct of a criminal case”. Defendant does not in this case challenge the constitutionality of that codal article, nor has he made any showing that the prosecutor who signed the charging document (in all other respects valid) was not authorized to do so. Thus, this court should treat the failure of defendant to challenge the authority of the charging official to institute prosecution as waived if not properly raised by motion to quash.
C.Cr.P. Art. 531 requires defendant to assert “all pleas or defenses raised before trial” (other than certain enumerated issues not involved here) by motion to quash. C.Cr.P. Art. 535 provides that the failure to raise most defenses assertible by motion to quash are waived if not raised. The exceptions to that rule do not include the issue presented herein. See C.Cr.P. Art. 535 A and B.
Waiver of the right to complain of the alleged defect is the sanction for failure to contest timely the validity on the grounds raised here; that is, the failure of the district attorney (or one designated by him) to sign the charging document (the affidavit charging a violation of R.S. 32:415).
This construction is logical in view of the nature of defendant’s complaint. Defendant was in no way prejudiced by the alleged defect. He was fully and fairly apprised of the nature and cause of the charges against him. Society’s interest in limiting the authority to institute prosecutions under state statutes to the district attorney can adequately be protected by giving defendant the right to challenge the validity of the *889 affidavit by proper motion prior to trial. However, once a fair trial has been held and the facts underlying the accusation have been accurately determined by a court exercising jurisdiction over the offense, this court should not assume that the charging instrument was not properly filed. The right to raise the issue presented here should be treated as waived if not raised by timely motion to quash.
Defendant’s conviction for driving under revocation should be affirmed.